# IN THE COURT OF APPEALS OF THE STATE OF IDAHO

## Docket No. 51926

STATE OF IDAHO,

        Plaintiff-Respondent,

v.

WAYNE MACK LANIER,

        Defendant-Appellant.

)
)
)
)
)
)
)
)
)
)
)
)
)

Filed: May 5, 2025

Melanie Gagnepain, Clerk

THIS IS AN UNPUBLISHED
OPINION AND SHALL NOT
BE CITED AS AUTHORITY

---

Appeal from the District Court of the Fourth Judicial District, State of Idaho, Ada County. Hon. Cheri C. Copsey, District Judge.

Judgment of conviction and unified sentence of seven years, with a minimum period of confinement of three years, for possession of a controlled substance and a persistent violator enhancement, <u>affirmed</u>.

Erik R. Lehtinen, State Appellate Public Defender; Elizabeth A. Allred, Deputy Appellate Public Defender, Boise, for appellant.

Hon. Raúl R. Labrador, Attorney General; Kacey L. Jones, Deputy Attorney General, Boise, for respondent.

---

Before GRATTON, Chief Judge; LORELLO, Judge
and TRIBE, Judge

---

PER CURIAM

    Wayne Mack Lanier was found guilty of possession of a controlled substance. Idaho Code § 37-2732(c).[1] Lanier admitted to being a persistent violator. I.C. § 19-2514. At sentencing, Lanier requested he be placed in the drug court program and left the underlying sentence to the discretion of the court. The district court sentenced Lanier to a unified term of seven years, with a minimum period of confinement of three years. However, the district court suspended the

---

[1]    Lanier was also found guilty of misdemeanor possession of drug paraphernalia; however, he does not challenge this conviction or sentence on appeal.

1

sentence, placed Lanier in the drug court program, and on probation for seven years. Lanier appeals, arguing that his underlying sentence is excessive.[2]

Sentencing is a matter for the trial court's discretion. Both our standard of review and the factors to be considered in evaluating the reasonableness of the sentence are well established and need not be repeated here. *See State v. Hernandez*, 121 Idaho 114, 117-18, 822 P.2d 1011, 1014-15 (Ct. App. 1991); *State v. Lopez*, 106 Idaho 447, 449-51, 680 P.2d 869, 871-73 (Ct. App. 1984); *State v. Toohill*, 103 Idaho 565, 568, 650 P.2d 707, 710 (Ct. App. 1982). When reviewing the length of a sentence, we consider the defendant's entire sentence. *State v. Oliver*, 144 Idaho 722, 726, 170 P.3d 387, 391 (2007). Our role is limited to determining whether reasonable minds could reach the same conclusion as the district court. *State v. Biggs*, 168 Idaho 112, 116, 480 P.3d 150, 154 (Ct. App. 2020).

Applying these standards, and having reviewed the record in this case, we cannot say that the district court abused its discretion. Therefore, Lanier's judgment of conviction and sentence is affirmed.

---

[2] Both appellant and respondent refer to Lanier's sentence as an "underlying sentence." We will interpret the term "underlying" to mean "unified" as defined in Idaho Code § 19-2513.